---o---

### 5307.

(Court of Appeal, Parish of Orleans.)

## RICHARD McCARTHY, Jr., vs A. MONTELEONE.

Issues of fact only are involved herein.

Appeal from the Civil District Court, Division "C."

Thilborger & Duffy, for plaintiff and appellee.

Lazarus, Michel & Lazarus, for defendant and appellant.

DUFOUR, J.—The plaintiff claims of defendant $212, alleged to be due under a verbal contract for the repair of a fire loss on property belonging to the latter.

The defendant plead the general issue.

According to the testimony adduced by plaintiff's witnesses, he, as builder and contractor was requested by Schumard & Co. representatives of the foreign insurance company which issued the policy, to make an estimate of the damage caused by the fire.

When this had been done, McCarthy called on Monteleone and informed him of the estimate, in the nature of an adjustment of loss by the company, and offered to do the work for the estimated amount, $212.

He stated at the same time that foreign insurance companies never do the work for the owners of the building. In the foregoing and in the further statement that the defendant told him to go on and do the work, McCarthy is corroborated by Plique, his foreman, who was present at the interview with the defendant.

Monteleone absolutely denies making any contract whatsoever.

It is shown that usually when notice of loss is received, an estimate is made by a contractor in behalf of the insurer and, if the insured does not object, settlement is made on that basis. The owner is sent a check to his own order and makes his own settlement; it is clearly proved that the custom of foreign companies is not to undertake the repairs, except in trifling cases.

The trouble in this case is due to the fact that the insurer went into the hands of receivers and remitted a check on account for $64, instead of the full amount of $212.

If, as the district judge believed, the contract was reasonably established, the failure of the defendant to receive the full amount of his loss can in no manner relieve him from his obligation.

In a matter involving credibility, suggestions to the effect that the insurance agent was plaintiff's brother-in-law and was not produced as a witness, and that

certain unimportant details appear to corroborate defendant, will not induce us to set aside the conclusions of fact of the judge who saw and heard the witnesses.

Our view of the evidence leads to the affirmance of the judgment in favor of plaintiff.

Judgment affirmed.

May 1, 1911.

Rehearing refused, May 29, 1911.

Writ denied by Supreme Court, June 30, 1911.

————o————